# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Lawrence VanBuren,

                Petitioner,       Case No. 17-13819

v.                                       Judith E. Levy
                                         United States District Judge

Erick Balcarcel,
                                         Mag. Judge Patricia T. Morris
              Respondent.

_____/

## OPINION AND ORDER GRANTING PETITIONER'S LETTER REQUEST/MOTION TO STAY [9], STAYING PROCEEDINGS, AND ADMINISTRATIVELY CLOSING CASE

This is a habeas case brought under 28 U.S.C. § 2254. In 2015, petitioner Lawrence VanBuren, a Michigan state prisoner, was convicted of torture and assault with intent to rob while unarmed following a jury trial in the Ingham County Circuit Court. He was sentenced as a fourth habitual offender to concurrent terms of twenty-five to forty years imprisonment for the torture conviction and twenty to thirty years imprisonment for the assault with intent to rob while unarmed. Petitioner raises claims regarding the sufficiency of the evidence and the validity of his sentence in his petition. (Dkt. 1.) Respondent has filed an

answer to the petition arguing that it should be denied for lack of merit. (Dkt. 7.) Petitioner then filed a letter request/motion to stay the proceedings and hold his habeas petition in abeyance, now before this court. (Dkt. 9) He seeks to return to state court to exhaust an additional claim alleging that trial counsel was ineffective for advising him not to take a plea offer that would have resulted in a lesser sentence. (*Id.*) Respondent has not filed an answer to petitioner's letter request/motion.

A habeas petitioner is entitled to relief only if he can show that the state court adjudication on the merits of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), as of the time of the state court decision, *Greene v. Fisher*, 565 U.S. 34, 38-39 (2011); *Carter v. Mitchell*, 829 F.3d 455, 468 (6th Cir. 2016) (citing *Greene*, 565 U.S. at 34). A federal court is unable to grant relief to a state prisoner under § 2254(d) unless he has exhausted available state remedies. § 2254(b)(1)(A), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (citing *Franklin v. Rose*, 811 F.2d 322, 342-22 (6th Cir. 1987)). State courts must be given an opportunity to rule

upon all of a petitioner's claims and "to . . . correct alleged violations of its prisoners' federal rights" before a petitioner can present those claims on habeas review. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and internal quotations omitted).

A claim is exhausted if the petitioner has "fairly present[ed]" his claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. *O'Sullivan*, 526 U.S at 848; *McMeans*, 228 F.3d at 681 (citing *Franklin*, 811 F.2d at 342-22). Claims are "fairly presented" to the state courts when the petitioner has asserted both the factual and legal bases for the claims in the state courts. *McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*, 228 F.3d at 681).

A petitioner must give state courts "one full opportunity" to resolve any constitutional issues by invoking one complete round of the State's established appellate review system," including seeking "discretionary review in the State's highest court." *O'Sullivan*, 526 U.S. at 845 (citing § 2254(c)). *See also Fay v. Noia*, 372 U.S. 391, 435-36 (1963), *overruled in part on other grounds by Wainwright v. Sykes*, 372 U.S. 391 (1963), (holding habeas petitioners do not need to seek certiorari after state

3

appellate review); *Brown v. Allen*, 344 U.S. 443, 448 (1953) (holding habeas petitioners do not to seek state collateral relief on the same issues addressed by direct review). A Michigan prisoner must present each issue to the Michigan Court of Appeals and the Michigan Supreme Court.[1] *Morse v. Trippett*, 37 F. App'x 96, 103 (6th Cir. 2002). The petitioner has the burden to prove exhaustion. *Nali v. Philips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances," such as when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id.* at 277. Additionally, pro se habeas petitions are entitled to liberal construction of their habeas filings. *Dotson v. Lane*, 360

---

[1] The Michigan Court Rules dictate how a habeas petitioner should go about exhausting claims in state court. For example, a petitioner could file a motion for relief from judgment, Mich. Ct. R. 6.502, and then appeal an adverse decision, Mich. Ct. R. 6.509.

4

F. App'x 617, 620 (6th Cir. 2010) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *Franklin*, 765 F.2d at 84-85.

In this case, a stay is warranted. Petitioner wishes to pursue a new claim that he has not yet presented to the state courts for consideration. Although petitioner does not discuss good cause in his motion, the Court finds a stay is appropriate because the one-year statute of limitations applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), could pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies.[2] Additionally, the filing is not plainly meritless, and there is no evidence of intentional delay. Moreover, because respondent has already responded to the initial habeas petition and filed the state court record (Dkt. 8), a stay would conserve judicial time and resources.

Accordingly, the Court **GRANTS** petitioner's letter request, construed as a motion to stay the proceedings, to hold the habeas petition in abeyance. The stay is conditioned on petitioner presenting his new, unexhausted claim to the state courts by filing a motion for relief from

---

[2] The Court makes no determination as to the timeliness, procedural appropriateness, or substantive merits of any claims.

judgment with the trial court within sixty days of the filing date of this order. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (adopting the procedural approach taken in *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001)). The stay is further conditioned on petitioner's return to this Court with a motion to reopen and amend his habeas petition, using the same caption and case number, within sixty days of fully exhausting state court remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (same). If petitioner changes his mind and decides not to pursue his additional claim in the state courts, he may move to reopen this case and proceed on the existing petition within sixty days of the filing date of this order. If petitioner fails to comply with these conditions, this case may be dismissed. This case is closed for administrative purposes pending compliance with these conditions.

**IT IS SO ORDERED**.

Dated: September 28, 2018      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

**CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 28, 2018.

              s/Shawna Burns
              SHAWNA BURNS
              Case Manager