UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lawrence VanBuren,

              Petitioner,    Case No. 17-13819

v.

                                   Judith E. Levy
                                   United States District Judge

Erick Balcarcel,

              Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS [1], DENYING CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Lawrence VanBuren ("Petitioner") was convicted of torture and assault with intent to rob while unarmed following a jury trial in the Ingham County Circuit Court, and was sentenced as a fourth habitual offender to concurrent terms of 25 to 40 years imprisonment and 20 to 30 years imprisonment in 2015. In his *pro se* habeas petition, he raises claims concerning the sufficiency of the evidence and the validity of his sentence. For the reasons set forth below, the petition for a writ of

habeas corpus is denied. The Court also denies a certificate of appealability and denies Petitioner leave to proceed in forma pauperis on appeal.

## I. Background

Petitioner's convictions arise from his physical assault and robbery of Samuel Janecke at the home of Jessica Farias in Ingham County, Michigan on July 20, 2014. The Court adopts the detailed summary of the trial testimony set forth by Petitioner's defense counsel on direct appeal to the extent those facts are consistent with the record. (*See* ECF No. 8-8, PageID.381–403 (Pet. App. Brf.).)

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the same claims presented on habeas review. The court denied relief on those claims and affirmed Petitioner's convictions and sentences. *People v. VanBuren*, No. 327622, 2016 WL 4467317, *1–4 (Mich. Ct. App. Aug. 23, 2016). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. VanBuren*, 500 Mich. 935 (2017).

Petitioner then filed his federal habeas petition raising the

following claims:

 I. The prosecution presented insufficient evidence to support his convictions.

 II. His sentences constitute cruel and unusual punishment.

Respondent filed an answer to the petition contending that it should be denied because the sentencing claim is procedurally defaulted, and both claims lack merit.

**II. Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been

'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520–21 (citations omitted); *see also Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's

rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*; *see also White v. Woodall*, 572 U.S. 415, 419–20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015). A habeas petitioner cannot prevail if it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125–26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71–72

(2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. The requirements of clearly established law are to be determined solely by Supreme Court precedent.

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. Discussion

#### A. Procedural Default

As an initial matter, Respondent contends that Petitioner's sentencing claim is barred by procedural default. The Court declines to

address that defense as it is not a jurisdictional bar to review of the merits. *See, e.g.*, *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005). Moreover, federal courts on habeas review "are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). The Supreme Court has explained the rationale behind such a policy: "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. Such is the case here. Accordingly, the Court will proceed to the merits of Petitioner's claims.

### B. Merits

#### 1. Sufficiency of the Evidence Claim

Petitioner first asserts that he is entitled to habeas relief because the prosecutor failed to present sufficient evidence to support his convictions for torture and assault with intent to rob while unarmed. In particular, he alleges that the prosecution failed to establish the requisite intent for the crimes. Respondent contends that this claim lacks merit.

8

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979) (internal citation and footnote omitted). The sufficiency of the evidence standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law," *Jackson*, 443 U.S. at 324 n. 16, and through the framework of 28 U.S.C. § 2254(d). *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002). Thus, under the AEDPA, challenges to the sufficiency of the evidence "must survive two layers of deference to groups who might view facts differently" than a reviewing court on habeas review– the factfinder at trial and the state court on appellate review– as long as those determinations are reasonable. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

Additionally, "it is the responsibility of the jury– not the court– to decide what conclusions should be drawn from the evidence admitted at

trial." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam). A federal habeas court may not re-weigh the evidence or re-determine the credibility of the witnesses. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983); *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003). Rather, a federal habeas court must defer to the factfinder at trial for its assessment of the credibility of witnesses. *Id.*

Under Michigan law, a defendant commits the felony offense of torture if he or she, "with the intent to cause cruel or extreme physical or mental pain and suffering, inflicts great bodily injury or severe mental pain or suffering upon another person within his or her custody or physical control...." Mich. Comp. Laws § 750.85(1). Cruel is defined as "brutal, inhuman, sadistic, or that which torments." Mich. Comp. Laws § 750.85(2)(a). The elements of assault with intent to rob while unarmed are: "(1) an assault with force and violence, (2) an intent to rob and steal, and (3) defendant being unarmed." *People v. Chandler*, 201 Mich. App. 611, 614 (1993); Mich. Comp. Laws § 750.88.

As with any crime, the prosecution must prove beyond a reasonable doubt that the defendant committed the charged offenses. *People v. Oliphant*, 399 Mich. 472, 489 (1976); *People v. Yost*, 278 Mich. App. 341,

356 (2008); *People v. Kern*, 6 Mich. App. 406, 409 (1967). Direct or circumstantial evidence and reasonable inferences arising from that evidence may constitute satisfactory proof of the elements of an offense, *People v. Nowack*, 462 Mich. 392, 399–400 (2000); *People v. Jolly*, 442 Mich. 458, 466 (1993), including the identity of the perpetrator, *Dell v. Straub*, 194 F. Supp. 2d 629, 647 (E.D. Mich. 2002); *Kern*, 6 Mich. App. at 409, and intent or state of mind. *People v. Dumas*, 454 Mich. 390, 398 (1997). With regard to intent, "minimal circumstantial evidence is sufficient" due to the difficulty of proving a defendant's state of mind. *People v. McRunels*, 237 Mich. App. 168, 181 (1999).

Applying the *Jackson* standard, the Michigan Court of Appeals denied relief on this claim. The court explained in relevant part:

> Here, there was evidence giving rise to an inference that defendant's intent was to inflict cruel or extreme physical or mental pain and suffering on the victim. As the trial court noted in denying defendant's motion for a directed verdict, the victim suffered a severe facial injury during the first attack in the kitchen, but defendant continued the assault at the top of the stairs, in the basement, in the bathroom, and outside the house. These multiple and repeated assaults evidence an intent to cause the victim extreme pain. We also note that the victim testified that defendant attempted to tie his hands behind his back during the assault in the basement, an action which would likely cause a person to have severe mental pain

11

and suffering, rightfully fearing for one's life. Accordingly, we conclude that the evidence was sufficient to establish intent to cause cruel or extreme physical or mental pain and suffering. Likewise, because the prosecutor introduced sufficient evidence which could justify a trier of fact in reasonably concluding that defendant was guilty beyond a reasonable doubt of torture, defendant's conviction for that offense did not deny him due process of law.

　　　* * *

Here, there was ample evidence giving rise to an inference that defendant's intent was to rob and steal. As the trial court noted in denying defendant's motion for a directed verdict, the victim testified that hands were going through his pockets as he was being assaulted on the couch. And, in fact, the victim's wallet and car keys were stolen from him during the assault on the couch and the car was driven away shortly thereafter. Additionally, there was evidence that defendant's accomplice invited the victim into the house under the guise of receiving money for gas merely as a ruse for her and defendant to rob him. Accordingly, we conclude that the evidence was sufficient to establish an intent to rob and steal and accordingly, that there was no due process violation.

*VanBuren*, 2016 WL 4467317 at *1-2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The testimony of the victim, Samuel Janecke, provided sufficient evidence to establish that Petitioner committed torture and assault with intent to

12

rob while unarmed. Janecke identified Petitioner as one of the perpetrators who physically beat and robbed him.

As to torture, Janecke testified that Petitioner initially struck him in the face resulting in a broken jaw and broken teeth, that he was thrown down the stairs twice, that Petitioner threw him on a couch, ripped his shirt, and struck him in the head and face several times, that Petitioner and Farias tried to tie his hands and put a sock in his mouth, that he was knocked down when he tried to flee, that Petitioner tackled him in the bathroom and choked him, that Farias threatened to cut him, that Petitioner hit him in the head, arm, and ribs with a wooden object when he ran outside to flee the home, causing bruised ribs and a laceration to his head. (*See*, ECF No. 8-5, PageID.265–273, 276–77 (3/24/15 Trial Tr., pp. 91–107, 119–22.).)

As to assault with intent to rob while unarmed, Janecke testified that Petitioner and Farias were the people near him during the assault, that he felt hands going through his pockets at one point during the attack, and that his wallet and keys were missing following the incident. (*Id*. at Trial Tr. p. 103.) A neighbor saw a Black man drive away with Farias in the passenger seat in the car Janecke had driven to Farias's

13

home. The car was found parked on Petitioner's street the next day, and Petitioner's fingerprint was found on the exterior of the driver's side door. (*Id.* at PageID.272 (3/24/15 Trial Tr. pp. 168–74, 176–79, 205)); (ECF No. 8-6, PageID.307 (3/26/15 Trial Tr., pp. 9–11).)

Such testimony, and reasonable inferences that may be drawn therefrom, establishes that Petitioner committed the crimes of torture and assault with intent to rob while unarmed and that he acted with the requisite intent. To be sure, a victim's testimony alone can be constitutionally sufficient to sustain a conviction. *See Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008) (citing cases).

To the extent that Petitioner contests the Michigan Court of Appeals' interpretation of state law regarding the elements of the offenses, he is not entitled to relief. It is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). State courts are the final arbiters of state law and federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir.

14

1987). Habeas relief is not available for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Similarly, to the extent Petitioner challenges the credibility determinations and inferences the jury drew from the testimony at trial, he is not entitled to relief. It is the job of the fact-finder at trial, not a federal habeas court, to resolve evidentiary conflicts. *Cavazos*, 565 U.S. at 7; *Jackson*, 443 U.S. at 326; *Martin*, 280 F.3d at 618; *see also Walker v. Engle*, 703 F.2d 959, 969–70 (6th Cir. 1983) ("A federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."). The jury's verdict is supported by the record. The evidence presented at trial, viewed in a light favorable to the prosecution, establishes beyond a reasonable doubt that Petitioner committed torture and assault with intent to rob while unarmed. More importantly, for purposes of habeas review, the Michigan Court of Appeals' decision to that affect is reasonable. Habeas relief is not warranted on this claim.

**2. Sentencing Claim**

Petitioner next asserts that he is entitled to habeas relief because his sentences constitute cruel and unusual punishment. Respondent contends that this claim lacks merit.

A sentence imposed within the statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentences are within the statutory maximums for his offenses. *See* Mich. Comp. Laws §§ 750.85 (authorizing a maximum sentence of life imprisonment for torture); 750.88 (authorizing a maximum sentence of 15 years imprisonment for assault with intent to rob while unarmed); 769.12 (authorizing a maximum sentence of life imprisonment for a fourth habitual offender convicted of a crime punishable by a maximum term of 5 years or more). Consequently, his sentences are insulated from habeas review absent a federal constitutional violation.

Petitioner asserts that his sentences constitute cruel and unusual punishment. The Michigan Court of Appeals denied relief on this claim finding that Petitioner's sentences are within the guidelines, proportionate, and constitutionally valid. *VanBuren*, 2016 WL 4467317 at *2-3.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Petitioner's assertion that his sentences are disproportionate is not cognizable on federal habeas review because it is a state law claim. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) (ruling that the Eighth Amendment does not require strict proportionality and that Michigan prisoner's claim that his sentence is disproportionate is not cognizable on habeas review).

The same is true to the extent that Petitioner asserts that his sentences violate the Michigan Constitution's prohibition against cruel and unusual punishment. Such a claim is not cognizable on federal habeas review because it is a state law claim. *See Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000); *Broadnax v. Rapelje*, No. 08-12158, 2010 WL 1880922, *3 (E.D. Mich. May 11, 2010); *Baker v. McKee*, No. 06-

17

12860, 2009 WL 1269628, *6 (E.D. Mich. April 30, 2009). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis*, 497 U.S. at 780; *Oviedo*, 809 F.2d at 328; *see also Bradshaw*, 546 U.S. at 76; *Sanford*, 288 F.3d at 860. Habeas relief does not lie for perceived errors of state law. *Estelle*, 502 U.S. at 67–68. Petitioner fails to state a claim upon which federal habeas relief may be granted as to this issue.

Petitioner also fails to establish that his sentences constitute cruel and unusual punishment under the Eighth Amendment to the United States Constitution. As noted, the United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin*, 501 U.S. at 965. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (internal citation omitted). Petitioner's sentences are within the statutory maximums for his offenses as a fourth habitual offender. The state trial court acted within its discretion in imposing his sentences and there is no excessive disparity between his crimes and sentences so as to offend the Eighth Amendment. Petitioner fails to establish that his sentences are

18

unconstitutional. Habeas relief is not warranted on this claim.

## IV. Conclusion

For the reasons set forth, the Court concludes that Petitioner's claims lack merit and that he is not entitled to federal habeas relief. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). Having conducted the requisite review, the Court concludes that Petitioner fails to make a

substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from the Court's decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal. This case is **CLOSED**.

IT IS SO ORDERED.

Dated: April 14, 2021  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 14, 2021.

s/William Barkholz
WILLIAM BARKHOLZ